```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


DAVID PATRICK WORRELL
     Petitioner
                                          PRISONER
     V.                        Case No.   3:06CV192(WWE)

JOHN J. LAMANNA,
     Respondent
```

RULING ON PETITION FOR WRIT OF HABEAS CORPUS

The petitioner currently an inmate at the Edgefield Federal Correctional Institution in South Carolina, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. 2254 challenging a 1996 state court conviction and sentence. For the reasons set forth below, the petition is dismissed.

On September 16, 1996, in the Connecticut Superior Court, the petitioner pleaded guilty to a charge of possession of narcotics in violation of Conn. Gen. Stat. § 21a-279(a) and a judge sentenced him to two years of imprisonment. The petitioner contends that the state court record erroneously reflects that he was convicted of one count of sale of narcotics in violation of 21a-277(a) rather than one count of possession of narcotics in violation of Conn. Gen. Stat. § 21a-279(a). The petitioner did not file a direct appeal of this conviction.

In March 2004, in the United States District Court for the Eastern District of North Carolina, the petitioner pleaded guilty

to one count of possession with intent to distribute cocaine and one count of possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1). The judge imposed a 151 month sentence. See U.S. v. Worrell, No. 04-4202, 2005 WL 1971451 (4th Cir. Aug. 17, 2005). In August 2005, the United States Court of Appeals for the Fourth Circuit affirmed the conviction. See id. The petitioner claims that his current federal sentence was enhanced by the 1996 state conviction.

A prerequisite to filing a petition for a writ of habeas corpus in federal court for relief from a state court conviction is that the petitioner be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254 (a); 28 U.S.C. § 2241 (c)(3). "The first showing a [section] 2254 petitioner must make is that he is 'in custody pursuant to the judgment of a State court.'" Lackawanna County District Attorney v. Cross, 532 U.S. 394, 401 (2001) (quoting 28 U.S.C. § 2254(a)). The Supreme Court has interpreted this language to require that the "petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed," Maleng v. Cook, 490 U.S. 488, 491-92 (1989) (citations omitted), or under a consecutive sentence imposed at the same time as the conviction or sentence under attack. See Garlotte v. Fordice, 515 U.S. 39, 41 (1995).

The petitioner states that he is challenging his 1996

Connecticut conviction. The petitioner received a sentence of two years. It is apparent that the petitioner has already served his 1996 sentence. Thus, the petitioner is no longer in custody pursuant to that sentence.

In Maleng, the Supreme Court held that a habeas petitioner does not remain "'in custody' under a conviction after the sentence imposed for it has fully expired, merely because that conviction had been used to enhance a subsequent sentence. 490 U.S. at 493. The Court acknowledged, however, that Maleng had "satisfied the 'in custody' requirement for federal habeas jurisdiction" because his 2254 petition "[could] be read as asserting a challenge to [his present sentences,] as enhanced by the allegedly invalid prior conviction." Id. at 493-94. Thus, a court may construe a § 2254 petition as "'asserting a challenge to [a present] sentence[], as enhanced by [an] allegedly invalid prior conviction.'" Lackawanna County District Attorney, 531 U.S. at 401-02 (quoting Maleng, 490 U.S. at 493.)

Here, the Court declines to construe the petition as a challenge to the petitioner's present 151 month federal sentence as enhanced by the allegedly invalid 1996 conviction because such a challenge must be made by filing a motion to vacate or set aside the sentence pursuant to 28 U.S.C. § 2255 in the federal court in which the petitioner was sentenced. The United States District Court for the Eastern District of North Carolina imposed

3

the petitioner's 151 month sentence.  Because the petitioner's 1996 sentence expired before the filing of the present petition, he is no longer in custody pursuant to that sentence and the court lacks jurisdiction to entertain this action.  Accordingly, the petition will be dismissed.

## Conclusion

The Petition for a Writ of Habeas Corpus [**doc. # 1**] is **DISMISSED** for lack of subject matter jurisdiction.  Because the petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  The Clerk is directed to enter judgment and close this case.

SO ORDERED this 19th of June, 2006, at Bridgeport, Connecticut.

```
                                    _____
                                         Warren W. Eginton
                                    Senior United States District Judge
```